Opinion issued July 14, 2026



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-24-00870-CV

———————————

**LILLIAN GONZALEZ, Appellant**

**V.**

**HOUSTON HOUSING AUTHORITY, Appellee**

---

**On Appeal from the 215th District Court**
**Harris County, Texas**
**Trial Court Case No. 2023-47538**

---

## MEMORANDUM OPINION

Lillian Gonzalez appeals the trial court's order granting the Houston Housing Authority's plea to the jurisdiction based on governmental immunity and dismissing her claims for lack of jurisdiction. We affirm.

## Background

Gonzalez's claims arise from her tenancy at the Southlawn Palms Apartments, where she lived with her minor children in a subsidized unit under a Department of Housing and Urban Development (HUD) program and received housing assistance through a contract administered by the Houston Housing Authority (HHA) in coordination with the property owner and manager.

According to Gonzalez, the apartment complex was unsanitary and unsafe. It was unsanitary because of rodent and bug infestations, mold, sewage, and trash. And it was unsafe because it lacked adequate security despite several violent incidents having occurred there or nearby. Gonzalez alleged that three deadly shootings had happened at the apartment complex, that her car was struck by bullets on another occasion, and that her daughter was abducted from a convenience store next to the apartment complex and sexually assaulted. Because Gonzalez reported her daughter's assault to police, Gonzalez feared the assailants would learn which apartment she and her daughter lived in and retaliate. She alleged that she asked the apartment's front office about protections under the federal Violence Against Women Act (VAWA),[1] including relocation, but her request was either ignored or denied, leading her to file a complaint with HUD.

---

[1] Relevant here, VAWA ensures that federally subsidized tenants cannot be evicted or denied housing assistance because they are or have been "a victim of domestic violence, dating violence, sexual assault, or stalking, if the applicant or tenant

Gonzalez sued HHA and several other defendants connected with the management and ownership of the apartment complex. With respect to HHA, she alleged negligence and gross negligence, claiming HHA was obligated to inspect the complex and enforce fair housing standards but had "knowingly ignored" the conditions that made her apartment uninhabitable. Gonzalez also alleged that HHA did not give her the statutorily required notice of occupancy rights under VAWA or respond to her inquiries about those rights, thus preventing her from exercising any right to relocate under VAWA after her daughter was assaulted.[2] Gonzalez characterized HHA's alleged VAWA-related failures as a "breach of [HHA's] duty to provide reasonable and general care." And she further characterized some of HHA's refusal to assist her in curing the poor living conditions or relocating as retaliatory after she complained to HUD. These failures, Gonzalez claimed, caused her physical injury, pain and suffering, and emotional distress that warranted economic and noneconomic damages.

HHA filed a plea to the jurisdiction and argued that Gonzalez's claims must be dismissed because HHA retained governmental immunity. HHA argued that, to the extent Gonzalez had alleged HHA breached a lease or rental agreement, no such

---

otherwise qualifies for admission, assistance, participation, or occupancy." 34 U.S.C. § 12491(b)(1).

[2] Gonzalez claims she did not receive the HUD-5380 Notification of Occupancy Rights under VAWA and the HUD-5382 Certification of Domestic Violence, Dating Violence, Sexual Assault, or Stalking and Alternate Documents.

contract existed between them. Further, HHA argued, it was immune from any tort claims because Gonzalez had not pled facts falling within the limited waiver of immunity in the Texas Tort Claims Act (TTCA) for personal injury caused by a "condition or use of tangible personal or real property." *See* TEX. CIV. PRAC. & REM. CODE § 101.021(2).

Gonzalez responded that HHA's immunity was waived by Section 392.006 of the Local Government Code, which provides that a "housing authority shall be subject to all landlord obligations and tenant remedies, other than a suit for personal injuries, as set forth in any lease or rental agreement . . . ." TEX. LOC. GOV'T CODE § 392.006. But she clarified that her contract-related allegations concerned HHA's obligation through its agreement with HUD to comply with federal law, including VAWA, without identifying any individual contract between her and HHA. She further argued the HHA had not properly "train[ed], supervise[d], or discipline[d] their employees who act[ed] in a way that violate[d] federal law" and failed to refer her to "the appropriate department, staff, or policymaker," and that the jurisdictional plea did not address these VAWA-related failures.

The trial court ultimately granted the plea and dismissed Gonzalez's claims against HHA without giving her an opportunity to amend her pleading.

4

**Governmental Immunity**

In her sole issue on appeal, Gonzalez contends the trial court should not have dismissed her claim alleging HHA violated VAWA because HHA's plea to the jurisdiction did not address that claim.

## A.      Standard of review

Governmental immunity protects the State's political subdivisions, including housing authorities, from suit and liability. *See Dohlen v. City of San Antonio*, 643 S.W.3d 387, 392 (Tex. 2022); *Harris Cnty. Hous. Auth. v. Rankin*, 414 S.W.3d 198, 201 (Tex. App.—Houston [1st Dist.] 2013, pet. denied); *see also* TEX. LOC. GOV'T CODE § 392.006.

Because governmental immunity defeats a trial court's subject-matter jurisdiction, it may be raised in a plea to the jurisdiction. *Pepper Lawson Horizon Int'l Grp., LLC v. Tex. S. Univ.*, 669 S.W.3d 205, 211 (Tex. 2023). When, as here, a plea challenges the plaintiff's pleadings, "the government does not dispute the plaintiff's factual allegations, and evidence is irrelevant." *City of Austin v. Powell*, 704 S.W.3d 437, 447 (Tex. 2024). The question we must answer in evaluating a pleadings challenge is "whether the alleged facts 'affirmatively demonstrate a trial court's subject matter jurisdiction.'" *Id.* (quoting *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004)).

5

Whether a plaintiff has carried this burden is a question of law we review de novo, construing the pleadings liberally in the plaintiff's favor. *See Heckman v. Williamson Cnty.*, 369 S.W.3d 137, 150 (Tex. 2012). And when the trial court grants a plea to the jurisdiction without stating the basis for its ruling, we may affirm on any basis properly before us. *Comm'n for Lawyer Discipline v. Stern*, 355 S.W.3d 129, 134 (Tex. App.—Houston [1st Dist.] 2011, pet. denied).

**B.    Analysis**

We begin by noting that Gonzalez does not challenge the trial court's dismissal of any negligence or contract claim based on HHA's alleged failures to maintain sanitary conditions at the apartment complex or keep the premises safe. Instead, she limits her complaints on appeal to the dismissal of her claims alleging that HHA (1) was negligent in failing to properly train, supervise, and discipline its employees to ensure compliance with federal law and (2) violated VAWA by not providing her the statutorily required occupancy notice or issuing proper documentation when she reported the sexual assault and asked to relocate.

In her operative pleading, Gonzalez points to Section 392.006 of the Local Government Code as waiving HHA's governmental immunity. It provides:

> For all purposes, including the application of the Texas Tort Claims Act (Chapter 101, Civil Practice and Remedies Code), a housing authority is a unit of government and the functions of a housing authority are essential government functions and not proprietary functions. Provided, however, a housing authority shall be subject to all landlord obligations and tenant remedies, other than a suit for personal injuries,

6

as set forth in any leasing or rental agreement and in Chapters 24, 54, 91, 92, and 301 of the Property Code.

TEX. LOC. GOV'T CODE § 392.006. Essentially, through this provision, the Legislature has instructed that in a suit against a housing authority other than for personal injuries, the housing authority, despite its status as a governmental unit, is subject to the obligations and tenant remedies under the lease agreement and certain provisions of the Property Code. *See id.* In other words, the fact that the housing authority is a unit of government exercising governmental functions does not protect the housing authority from those obligations, designated in Section 392.006, it has as a landlord. *Id.* Section 392.006 makes clear, however, that in a suit against a housing authority for personal injuries, the provisions of the TTCA control. *Id.*

As we have already noted, Gonzalez is not alleging on appeal that she and HHA had a landlord-tenant relationship, so our analysis does not concern that part of Section 392.006. We turn instead to the TTCA, which is the only avenue for Gonzalez's negligence claim against HHA. *See Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 659 (Tex. 2008) (recognizing TTCA is "the only, albeit limited, avenue for common-law recovery against the government").

To support a waiver of immunity under the TTCA, as relevant here, a negligence cause of action asserted against a governmental unit must arise from a personal injury "caused by a *condition or use* of tangible personal or real property." TEX. CIV. PRAC. & REM. CODE § 101.021(2) (emphasis added). Gonzalez's

7

allegations that HHA negligently trained, supervised, and disciplined its employees and representatives with respect to VAWA compliance are not actionable under the TTCA because they involve *failures in conduct* and not the condition or use of tangible personal or real property. *See, e.g.*, *Tex. A&M Univ. v. Bishop*, 156 S.W.3d 580, 583 (Tex. 2005); *Tex. Dep't of Pub. Safety v. Petta*, 44 S.W.3d 575, 580–81 (Tex. 2001); *Harris v. Galveston Cnty.*, 799 S.W.2d 766, 767–68 (Tex. App.—Houston [14th Dist.] 1990, writ denied). Consequently, the trial court did not err in dismissing Gonzalez's claim alleging negligent training, supervision, and discipline for lack of subject-matter jurisdiction.

The same is true for Gonzalez's claim alleging that HHA did not provide the VAWA occupancy notice or respond appropriately to her request to transfer to a safer unit after her daughter's sexual assault. Nothing in Section 392.006 can be read as a waiver of HHA's governmental immunity as to these allegations. *See* TEX. LOC. GOV'T CODE § 392.006; *see also Oncor Elec. Delivery Co. v. Dall. Area Rapid Transit*, 369 S.W.3d 845, 849 (Tex. 2012) ("[A] waiver of governmental immunity must be clear and unambiguous."). And Gonzalez does not identify any other source, nor can we find one either internal or external to VAWA, that waives HHA's governmental immunity.

To the contrary, while VAWA's housing protections prohibit discrimination against victims of domestic violence, dating violence, sexual assault, and stalking in

8

federally assisted housing programs, they do not create a private right of action, let alone one against a governmental unit for which immunity is waived. *See Gonzalez v. 2009 Hous. Scott Street, LP*, No. 4:24-cv-05143, 2025 WL 2598190, at *4 (S.D. Tex. Aug. 18, 2025), *adopted by* 2025 WL 2597697 (S.D. Tex. Sept. 8, 2025); *see also U.S. v. Morrison*, 529 U.S. 598, 602 (2000) (invalidating VAWA's civil remedy provision). Instead, VAWA contemplates that its housing-related requirements will be policed by a federal agency, like HUD, by conducting compliance reviews. *See* 34 U.S.C. § 12492(a)(1). We thus conclude Gonzalez has not shown a waiver of governmental immunity for her VAWA claim.

A pleading amendment cannot overcome this deficiency. Gonzalez argues we should remand the case so she can amend her pleadings to allege a claim for discrimination under the federal Fair Housing Act based on sex. *See generally* 42 U.S.C. § 3604(b) (making it unlawful "to discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities" on the basis of "race, color, religion, sex, familial status, or national origin").[3] That remedy is not appropriate here.

---

[3] Unlike VAWA, the Fair Housing Act permits private parties to bring actions challenging discriminatory housing practices. *See Williams v. Harris Cnty. Hous. Auth.*, No. 14-3570, 2016 WL 8730315, at *12 (S.D. Tex. Sept. 2, 2016) (citing 45 U.S.C. § 3613 and *Lincoln v. Case*, 340 F.3d 283, 289 (5th Cir. 2003)), *adopted by* 2016 WL 5661705 (S.D. Tex. Sept. 30, 2016).

"[T]he right to amend typically arises when the pleadings fail to allege *enough* jurisdictional facts to demonstrate the trial court's jurisdiction." *Clint Indep. Sch. Dist. v. Marquez*, 487 S.W.3d 538, 559 (Tex. 2016) (emphasis added). Here, the jurisdictional bar arises not from a lack of factual allegations but from the nature of Gonzalez's claim. That is, she does not propose to add more jurisdictional facts; instead, she proposes to "cure" the jurisdictional defect by changing the claim she brought to allege HHA's conduct was motivated by sex under a discrimination theory. But "remand is a mechanism for parties, over whose claims the trial court may have jurisdiction, to plead facts tending to establish that jurisdiction, not for parties, over whose claims the trial court does not have jurisdiction, to plead new claims over which the trial court does have jurisdiction." *Id.* With these principles in mind, we conclude Gonzalez is not entitled to a remand to allege a new cause of action under the FHA.

We overrule Gonzalez's sole issue.

## Conclusion

We affirm the trial court's order granting HHA's plea to the jurisdiction.


Andrew Johnson
Justice

Panel consists of Justices Rivas-Molloy, Johnson, and Dokupil.